FERDINAND SIMON, BY HIS NEXT FRIEND, PLAINTIFF AND RESPONDENT, v. COMMONWEALTH WATER AND LIGHT COMPANY, DEFENDANT AND APPELLANT.

Submitted July 7, 1913—Decided March 16, 1914.

1. Where plaintiff sought to recover for an injury sustained by contact with an electric light wire while picking cherries in a tree, and the defence was contributory negligence, an instruction to the jury to the effect that the defendant did not warn the plaintiff of the danger of coming in contact with the wire, although the plaintiff had testified that the defendant had so warned him, requires a reversal.

2. Where plaintiff sought to recover for an injury sustained by contact with an electric light wire while picking cherries in a tree, and the jury might have found from the evidence that he intentionally touched the wire, and the plaintiff testified that he had been warned by the defendant that it was dangerous to touch it, it was error requiring reversal for the trial judge to refuse to charge the jury that "if, under the evidence, the jury find that the plaintiff intentionally touched the electric wire, plaintiff was guilty of contributory negligence and cannot recover."

On appeal from the Supreme Court.

For the appellant, *Riker & Riker.*

For the respondent, *Robert Newton Crane.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff, a lad of thirteen and a half years old, was injured by contact with an electric light wire while he was picking cherries in a tree belonging to his father.   The limbs of the tree projected over the street and the wire was, so far as the case shows, properly erected within the limits of the highway.

At the trial, at the Union Circuit, the jury rendered a verdict in favor of the plaintiff, and from the consequent judgment the defendant appeals.

We think the judgment must be reversed for two reasons:

*First.*   The learned trial judge charged the jury that "they (the defendant company) told him (the plaintiff) not to go up there and monkey with those wires.   That does not say that they told him that it was dangerous to touch the wires."

We think this in effect was an instruction to the jury that the defendant did not warn the plaintiff of the danger of coming in contact with the wire.   That the instruction was erroneous is evident from the fact that the plaintiff himself testified that he was "warned (by the defendant) that it was dangerous to monkey with the wires."   That such misdirection injuriously affected a substantial right of the defendant appears when we consider that the defence was contributory negligence.

*Secondly.* The trial judge refused to instruct the jury as follows: "If, under the evidence, the jury find that the plaintiff intentionally touched the electric wire, plaintiff was guilty of contributory negligence and cannot recover."

We think the judge should have so charged. There was evidence from which the jury could have inferred, if they saw fit, that the plaintiff intentionally touched the wire. There was also the admission of the plaintiff that he had been warned by the defendant that it was dangerous to touch it. In such circumstances such refusal to charge deprived the defendant of a substantial right. Hence, this error also requires reversal.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD. PARKER, BERGEN, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ. 11.